**JANNEY MONTGOMERY SCOTT, INC., Appellant,**

v.

**SHEPARD NILES, INC., Appellee.**

No. 93–1073.

United States Court of Appeals, Third Circuit.

Argued Aug. 2, 1993.

Decided Dec. 8, 1993.

Howard J. Kaufman, Peter J. Weidman (Argued), Peter J. Leyh, Kaufman, Coren & Ress, Philadelphia, PA, for appellant.

Robert J. Blumling (Argued), K. Bradley Mellor, David A. Levine, Sable, Makoroff & Gusky, Pittsburgh, PA, for appellee.

Present: STAPLETON, HUTCHINSON and ROTH, Circuit Judges.

### OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

Appellant, Janney Montgomery Scott, Inc. ("Janney"), appeals an order of the United States District Court for the Eastern District of Pennsylvania granting appellee, Shepard Niles, Inc.'s ("Shepard Niles") motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) for failure to join an indispensable party in Janney's breach of contract action. The person whose non-joinder resulted in dismissal is Shepard Niles' parent corporation, The Underwood Group, Ltd. ("Underwood"), a citizen of Pennsylvania. In doing so, the district court had to make an initial determination that

Underwood, Shepard Niles' parent, was a necessary party under Rule 19(a) before it could hold that Underwood was an indispensable party under Rule 19(b) whose non-joinder required dismissal because joinder would deprive the district court of diversity jurisdiction. Initially, the district court had subject matter jurisdiction in diversity because Janney is a citizen of Pennsylvania and Shepard Niles is a citizen of New York.

In Shepard Niles' motion to dismiss for failure to join Underwood, it stated that Underwood, its parent and the sole signatory to the contract Janney sued on, was both necessary and indispensable to Janney's action under Rule 19. The question before us is whether the district court could give complete relief to the parties before it without prejudice to them or the absent person, Underwood, in a breach of contract action against only one of the two co-obligors that might be liable to Janney, the obligee on the contract. If the relief Janney requests does not prejudice the absent co-obligor, Underwood, or subject either Janney or Shepard Niles to a threat of duplicative or inconsistent judgments, Underwood is not a necessary party under Rule 19(a). If Underwood is not a necessary party under Rule 19(a), we need not reach the question whether it is indispensable under Rule 19(b). In this case, we have concluded that Underwood will not be prejudiced and neither Janney nor Shepard Niles will be subjected to duplicative or inconsistent judgments. Therefore, we hold that Underwood is not a necessary party under Rule 19(a). Accordingly, we will reverse the district court's order granting Shepard Niles' motion to dismiss without reaching the question whether Underwood is indispensable under Rule 19(b).

## I. *Factual & Procedural History*

Janney is an investment banking corporation organized under Pennsylvania law with its principal place of business in Philadelphia, Pennsylvania. Underwood is a closely-held Pennsylvania corporation[1] with its principal place of business in Pennsylvania; Shepard Niles is incorporated under New York law, with its principal place of business in New York.

On January 12, 1990, Janney and Underwood executed an Investment Banking Agreement ("Agreement"). In it, Janney agreed to serve as an advisor to Underwood and its subsidiaries, including Shepard Niles, and to assist them in obtaining private placement financing to refinance Shepard Niles' debt obligations. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.,* Civ. A. No. 92–1581, 1993 WL 4165, *5 n. 1, 1993 U.S.Dist.LEXIS 141, at *2 n. 1 (E.D.Pa. Jan. 6, 1993). The agreement stated "Janney Montgomery Scott Inc. [sic] ("JMS") is delighted to serve as the exclusive investment banking advisor for The Underwood Group, Ltd. *and subsidiaries* ("Underwood" or the "Company") in connection with the proposed Private Placement financing." *Id.* (emphasis added). Under the Agreement, Janney agreed to introduce Underwood to potential sources for the financing Shepard Niles wanted to obtain and to provide substantial ongoing support in securing such financing.

In February 1990, when Janney's efforts had yet to show concrete results, Underwood entered into negotiations with Unibank PLC and its parent corporation Unibank A/S (collectively "Unibank")[2] to provide private placement financing that its subsidiary, Shepard Niles, needed. By the fall of 1990, Unibank and Ampco–Pittsburgh Corporation ("Ampco") had given Shepard Niles the fi-

---

1. Underwood is actually a holding company for the majority interests in its three subsidiaries: Shepard Niles, Cleveland Tramrail International, S.A. ("CTI"), a citizen of Luxembourg, and Matterson, Ltd., a citizen of England. All four companies have the same president, James Underwood, Jr., and chief financial officer, Craig Hill. In particular, Underwood itself is owned by the Underwood family, Craig Hill and the Ampco–Pittsburgh Corporation. Underwood owns about 65% of the stock of Shepard Niles. Cleveland

Tramrail International owns 20% of Shepard Niles.

2. Unibank already had an existing credit relationship with CTI, one of Underwood's European subsidiaries. In February, 1990, Shepard Niles acquired a "bridge" loan of $3.7 million dollars in order to make a principal reduction payment on its debt. CTI actually borrowed this money under its credit arrangement with Unibank and then loaned the funds to Shepard Niles.

nancing it needed.[3] Janney did not introduce either of these two companies to Underwood and its subsidiaries, but Janney does allege that it provided substantial advice and support to Underwood and Shepard Niles throughout the negotiations. It contends that under the Agreement this advice and support entitle it to a contingent fee which it seeks to recover from Shepard Niles in this action and from Underwood in the related state action that Janney filed in the Philadelphia Court of Common Pleas on October 4, 1990, against Underwood, Shepard Niles, and Underwood's two other subsidiaries. *Janney Montgomery Scott, Inc. v. The Underwood Group*, No. 90–1118 (Phila.Common Pleas filed Oct. 4, 1990). In addition, on October 23, 1991, after some discovery in the state action, Janney filed an action in the district court against Unibank for tortious interference with contract. *Janney Montgomery Scott, Inc. v. Unibank* PLC, Civil Action No. 91–6616 (E.D.Pa. filed Oct. 23, 1991).

On February 7, 1992, in the federal action against Unibank for tortious interference with contract, Janney filed a motion to amend its complaint to add Shepard Niles as a defendant. The district court denied it. Thereafter, on March 17, 1992, Janney filed the present breach of contract action against Shepard Niles. Shepard Niles responded with a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss or, in the alternative, to stay the federal action while Janney's case was pending in common pleas. The district court denied this motion. After the pleadings in the district court had closed and discovery was nearly completed, Shepard Niles filed its Rule 12(c) motion for judgment on the pleadings for failure to join Underwood as an indispensable party. On January 4, 1993, the district court granted Shepard Niles' Rule 12(c) motion. In the meantime, Janney had filed a motion to consolidate its

breach of contract action against Shepard Niles with its tort action against Unibank, but the district court's order dismissing the action against Shepard Niles mooted Janney's motion to consolidate. Janney has timely appealed the order granting Shepard Niles' Rule 12(c) motion for judgment on the pleadings and dismissing of the breach of contract action for non-joinder.

## II. *Jurisdiction & Standard of Review*

Because Shepard Niles is a New York citizen for diversity purposes and Janney is a citizen of Pennsylvania, the district court had subject matter jurisdiction over this breach of contract action pursuant to 28 U.S.C.A. § 1332 (West Supp.1993). We have appellate jurisdiction over the final order of the district court dismissing it pursuant to 28 U.S.C.A. § 1291 (West 1993).

■ This Court reviews for abuse of discretion a district court's Rule 19(b) determination that a party is indispensable and that dismissal is required because the party's joinder would destroy subject matter jurisdiction in diversity. *See Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel*, 895 F.2d 116, 121 (3d Cir.1990); *Steel Valley Auth. v. Union Switch & Signal Div., American Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir.1987), *cert. dismissed*, 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988). We have not, however, expressly adopted an abuse of discretion standard in reviewing a district court's Rule 19(a) determination that a person's joinder is necessary. *Cf. Field v. Volkswagenwerk AG*, 626 F.2d 293, 298 (3d Cir.1980) (reversing district court's Rule 19(a) determination and stating only that "[the district court's] refusal to dismiss the claim was *error*") (emphasis added); *see also Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 634 n. 10 (1st Cir.1989) (leaving open

---

**3.** Underwood had purchased Shepard Niles from Ampco in 1988. As part of the sale, Ampco provided seller take-back financing and thus held a large percentage of Shepard Niles' debt. If the seller's loan was refinanced before September 1990, Ampco was to give Shepard Niles a four million dollar discount. This discount was a primary impetus for the agreement with Janney.

As part of the eventual financing package Ampco agreed to convert three million dollars of the total debt it held into Underwood preferred stock. This conversion simply converted three million dollars of debt in the subsidiary Shepard Niles into three million dollars of preferred equity in the parent corporation Underwood. This conversion was needed to meet Unibank's requirement that Shepard Niles increase its net worth by three million dollars before it would extend the twenty-one million dollars of financing Underwood was seeking for Shepard Niles.

"whether Rule 19(a) determinations by the district court are reviewable de novo or only for abuse of discretion").

Responding to this uncertainty, Janney argues that the standard of review as to whether a party is "necessary" under Rule 19(a) is plenary instead of the deferential abuse of discretion standard that applies to a district court's decision that a party who should be joined under subsection (a) is indispensable under Rule 19(b). To the extent that a district court's Rule 19(a) determination is premised on a conclusion of law, we agree with Janney that our scope of review is plenary. We, however, review any subsidiary findings of fact only for clear error.

The United States Court of Appeals for the Ninth Circuit has similarly applied a *de novo* standard of review when a district court bases a Rule 19 decision on its interpretation of applicable state law:

> The district court concluded that [the absent party] had an interest in [the] action that could be impaired under the California law of collateral estoppel. While Fed. R.Civ.P. 19 cases are generally reviewed under an abuse of discretion standard, to the extent that the determination of [the absent party's] interest and its impairment under Fed.R.Civ.P. 19(a)(2) involved an interpretation of California collateral estoppel law, it is reviewed under a *de novo* standard.

*Aguilar v. Los Angeles County*, 751 F.2d 1089, 1092 (9th Cir.1985) (citations omitted), *cert. denied*, 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985); *see also Western Maryland Ry. Co. v. Harbor Ins. Co.*, 910 F.2d 960, 963 n. 6 (D.C.Cir.1990) ("We review determinations under rule 19(a)(2)(ii) de novo.") (citing *Aguilar*, 751 F.2d at 1092).

In the case before us, the district court concluded that Underwood was a necessary party under Rule 19(a)(2) because any decision rendered would, as a practical matter, effect a collateral estoppel against Shepard Niles or become a persuasive precedent against Underwood in the pending state court action. *Janney Montgomery Scott*, 1993 WL 4165, at *3–4, 1993 U.S.Dist.LEXIS 141, at *11–12. This is a conclusion of law. Therefore, adopting the *Aguilar* standard, we will subject it to plenary review.

### III. *Rule 19 Analysis*

Federal Rule of Civil Procedure 19 determines when joinder of a particular party is compulsory. A court must first determine whether a party should be joined if "feasible" under Rule 19(a). If the party should be joined but joinder is not feasible because it would destroy diversity, the court must then determine whether the absent party is "indispensable" under Rule 19(b). If the party is indispensable, the action therefore cannot go forward.[4] *Bank of America Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1053–54 (3d Cir.1988). Thus, we must first determine whether Underwood, as a co-obligor to the Agreement, is a so-called "necessary" party who must be joined under Rule 19(a) if joinder is feasible. If we decide that the district court erred in its conclusion that Underwood was, in this sense, a "necessary" party under Rule 19(a), we need not reach or decide whether the district court abused its discretion when it held that Underwood was an "indispensable" party under Rule 19(b).

Rule 19(a) defines the parties who are "necessary" in the sense that their joinder is compulsory "if feasible." It states, in pertinent part:

> A person ... shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person

---

4. The present version of Rule 19 does not use the word "necessary." It refers to parties who should be joined if *feasible*. The term *necessary* in referring to a Rule 19(a) analysis harks back to an earlier version of Rule 19. It survives in case law at the price of some confusion. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 116 n. 12, 88 S.Ct. 733, 741 n. 12, 19 L.Ed.2d 936 (1968) ("Where the new version [of the Rule] emphasizes the pragmatic consideration of the effects of the alternatives of proceeding or dismissing, the older version tended to emphasize classification of parties as 'necessary' or 'indispensable.' "); *see also Park v. Didden*, 695 F.2d 626, 627 (D.C.Cir.1982) (acknowledging 1966 amendments to the Rule as attempt to circumvent " 'a jurisprudence of labels' ") (citation omitted).

claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). Clauses (1) and (2) of Rule 19(a) are phrased in the disjunctive and should be so treated. *Wood & Locker, Inc. v. Doran & Assocs.*, 708 F.Supp. 684, 690 (W.D.Pa.1989). Thus, any party whose absence results in any of the problems identified in either subsections (a)(1) or (a)(2) is a party whose joinder is compulsory if feasible. In other words, a holding that joinder is compulsory under Rule 19(a) is a necessary predicate to a district court's discretionary determination under Rule 19(b) that the case must be dismissed because joinder of the party is not feasible and the party is indispensable to the just resolution of the controversy.

### A. *Rule 19(a)(1)*

Under Rule 19(a), we ask first whether complete relief can be accorded to the parties to the action in the absence of the unjoined party. Fed.R.Civ.P. 19(a)(1). A Rule 19(a)(1) inquiry is limited to whether the district court can grant complete relief to the persons already parties to the action. The effect a decision may have on the absent party is not material. *Field*, 626 F.2d at 301 (quoting 3A James W. Moore et al., *Moore's Federal Practice* ¶ 19.07–1[2], at 19–128 (2d ed. 1979)). Here, the district court concluded that complete relief could be afforded Janney and Shepard Niles in the absence of Underwood. Shepard Niles does not seriously dispute this conclusion. For the fol-

lowing reasons, we agree with the district court on this point.

In applying Rule 19(a)(1) to this case, the specific question before us is whether a court can grant complete relief in a breach of contract action to the parties before it when only one of two co-obligors has been joined as a defendant.[5] The answer to this specific question depends on the law of contracts concerning the joint and several liability of persons who are co-promisors or co-obligors on one agreement. Two general authorities on the subject have identified a strong trend in favor of a principle that co-signers or co-obligors on a contract are jointly and severally liable for its performance. *See* 2 Samuel Williston, *Williston on Contracts* §§ 320, 336, at 649–657, 697–706 (3d ed. 1959) (while at early common law the rule was that co-obligors were jointly liable, the modern trend both in statute and judicial decision is towards implying joint and several liability); *Restatement (Second) of Contracts* § 289, at 410–11 (1981); *see also Mamalis v. Atlas Van Lines, Inc.*, 364 Pa.Super. 360, 528 A.2d 198, 202 (1987), *aff'd*, 522 Pa. 214, 560 A.2d 1380 (1989). In Pennsylvania,[6] whether liability on a contract is joint or joint and several seems to be treated as a question of construction or interpretation, not as a rule of law. *See Morrison v. American Sur. Co.*, 224 Pa. 41, 73 A. 10, 11 (1909) ("In all contracts the parties may make their own bargain, and if they do so in *language showing an intention* to impose a several as well as a joint liability upon the obligors, the courts will enforce it against each party as well as against all the parties jointly.") (emphasis added); *see also Wolgin v. Atlas United Fin. Corp.*, 397 F.Supp. 1003, 1012 (E.D.Pa.1975) ("Under Pennsylvania law, 'the intention of the parties as evidenced by the language employed in the agreement under consideration,' determines the status of the parties.") (citations omitted), *aff'd*, 530 F.2d 966 (3d Cir.1976).

---

5. The parties' emphasis on the effect of the parent-subsidiary relationship between Underwood and Shepard Niles only obscures this issue. Janney does not argue that Shepard Niles is an agent or alter ego of Underwood. Thus, this case must be considered as a simple breach of contract action brought against one of two co-obligors to a contract.

6. The district court indicated that Pennsylvania law applied to the question of contract formation. *Janney Montgomery Scott*, 1993 WL 4165, at *3, 1993 U.S.Dist.LEXIS 141, at *9–10. No choice of law problem has been raised. Therefore, we conclude that Pennsylvania provides the law which governs this contract's interpretation.

■ If the Agreement in question can be construed or interpreted as a contract imposing joint and several liability on its co-obligors, Shepard Niles and Underwood, complete relief may be granted in a suit against only one of them. *See Greenleaf v. Safeway Trails, Inc.,* 140 F.2d 889, 890 (2d Cir.1944) (indicating court has power to grant complete relief in absence of co-obligor to contract), *cert. denied,* 322 U.S. 736, 64 S.Ct. 1048, 88 L.Ed.. 1569 (1944); *cf. Park v. Didden,* 695 F.2d 626, 631 (D.C.Cir.1982) ("An almost unbroken line of federal decisions holds that persons whose liability is joint and several may be sued separately in federal court.") (citations omitted). Though the record before us does not show that the Agreement signed by Underwood and said to include Shepard Niles as a co-obligor imposes joint and several liability, it does not rule out such a construction. In deciding Shepard Niles' Rule 12(c) motion for judgment on the pleadings, the district court had to review the facts and inferences to be drawn from the pleadings in the light most favorable to the nonmoving party, Janney. *National Iranian Oil Co. v. Mapco Int'l, Inc.,* 983 F.2d 485, 489 (3d Cir.1992) (citing *Jablonski v. Pan Am. World Airways, Inc.,* 863 F.2d 289, 290–91 (3d Cir.1988)). Therefore, because the Agreement can be construed to impose joint and several liability, Underwood is not a necessary party under subsection (a)(1), and we must affirm the district court's holding that complete relief could be granted between Shepard Niles and Janney without Underwood's presence.

### B. *Rule 19(a)(2)*

■ Though Underwood was not a party that had to be joined under Rule 19(a)(1)

because complete relief could be granted the parties already present, the district court concluded Underwood's joinder was compulsory under both Rule 19(a)(2)(i) and 19(a)(2)(ii). Unlike subsection (a)(1), subsection (a)(2) requires a court to take into consideration the effect that resolution of the dispute among the parties before it may have on an absent party. *See* Fed.R.Civ.P. 19(a)(2).

### 1. *Rule 19(a)(2)(i)*

Subsection (a)(2)(i) requires a court to decide whether determination of the rights of the parties before it would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation. Fed.R.Civ.P. 19(a)(2)(i). Shepard Niles argues that the district court correctly held Underwood is a necessary party because any decision in the federal action in Janney's favor would be a persuasive precedent against Underwood in the ongoing state action.[7] The district court agreed and held that "as a practical matter, the disposition of this action in Underwood's absence [would] impair or impede Underwood's ability to protect. its interest." *Janney Montgomery Scott,* 1993 WL 4165, at *3, 1993 U.S.Dist.LEXIS 141, at *11–12.

■ According to the district court, it was likely that any decision reached in the federal action would affect the pending state court action "either as collateral estoppel against Shepard Niles,[8] or as persuasive precedent against Underwood." *Id.,* 1993 WL 4165, at *3, 1993 U.S.Dist.LEXIS 141, at *12 (footnote added). We disagree with the district court's conclusion that a decision against

---

7. Shepard Niles' argument that an adjudication against it in federal court would create a persuasive precedent against Underwood in the corresponding state action involves a kind of sleight of hand. If Shepard Niles is found not liable, its precedential effect would harm Janney, not Underwood. On the other hand, if Shepard Niles is found liable, it is unlikely that Janney would need. to continue the state action against Underwood. *See Goldberg v. Altman,* 190 Pa.Super. 495, 154 A.2d 279, 282 (1959) ("Even though [the plaintiff] has two judgments, he can only have one satisfaction.").

8. Rule 19(a)(2)(i) only directs the court to determine whether the continuation of the action will impair or impede the *absent party's* ability to protect its interest. As such, the court's indication that any decision it rendered might have a collateral estoppel affect on Shepard Niles is not relevant to its 19(a)(2)(i) determination. Any adverse affect on Shepard Niles will be considered under the court's 19(a)(2)(ii) analysis.

Shepard Niles in the pending action could have such a potential effect on a future state action that it would make Underwood's joinder compulsory under Rule 19(a)(2)(i).[9]

 We are not sure what the district court means by the phrase "persuasive precedent." To the extent it involves the doctrine of *stare decisis,* we are not inclined to hold that any potential effect the doctrine may have on an absent party's rights makes the absent party's joinder compulsory under Rule 19(a) whenever "feasible." Such a holding would greatly expand the class of "necessary" or compulsory parties Rule 19(a) creates. Moreover, to whatever extent the rule's phrase "as a practical matter impair or impede" has broader meaning than that given by principles of issue preclusion, we think the effect of the federal decision must be more direct and immediate than the effect a judgment in Shepard Niles' favor would have on Underwood here. They are, after all, separate corporate entities. *See supra* fn. 5. In any event, we do not believe any possibility of a "persuasive precedent" requires joinder under subsection 19(a)(2)(i).

Shepard Niles relies primarily on two cases, *Marra v. Burgdorf Realtors, Inc.,* 726 F.Supp. 1000 (E.D.Pa.1989) and *Acton Co. v. Bachman Foods, Inc.,* 668 F.2d 76 (1st Cir. 1982), to support its argument. Both are distinguishable. *Marra* involved an action by a putative owner of real estate against a real estate agent and brokerage firm over the real estate agent's sales of some of the putative owner's property. *Marra,* 726 F.Supp. at 1002. Record title to the property sold was in the name of the putative owner's son. The complaint alleged violations of a number of Pennsylvania statutes regulating the sale of real estate, as well as a common law action for fraud and misrepresentation. *Id.* at 1001–02. The brokerage firm moved to dismiss for failure to join an indispensable party. *Id.* at 1003. The *Marra* court granted the brokerage firm's motion. It held that the record title holder was a "necessary party" under Rule 19(a)(2)(i) to

the litigation because claims asserting misrepresentation as to ownership of property against the real estate agent applied only if the putative owner had valid title to the properties in question. Therefore, the litigation was likely to determine title to the property. *Id.* at 1004 (citing *McShan v. Sherrill,* 283 F.2d 462, 463–64 (9th Cir.1960); F. James & G. Hazard, *Civil Procedure* § 10.12, at 534 (3d ed. 1985)). That holding is unremarkable. *But cf. Sindia Expedition, Inc.,* 895 F.2d at 118, 123 (holding, in action to determine salvage rights to shipwreck, state of New Jersey which claimed ownership of wreck was not necessary party under Rule 19(a) even assuming its claim of title to ship was "colorable").

Shepard Niles says *Marra* stands for the principle that any potentially persuasive effect a federal judgment may have on the rights of an absent party makes the absent party one whose joinder is compulsory under Rule 19(a)(2)(i), if feasible. We do not read *Marra* so broadly. There, determination of title to the real estate in which the absent party had an interest appeared inevitable if the dispute between the parties present in the federal court was to be resolved. In those circumstances, it is clear that the absent party should be joined if feasible. In the case before us, the persuasive effect of a district court decision on Underwood's rights is speculative. We are unable to say with any assurance that a decision in Janney's action against Shepard Niles will be likely to impair or impede Underwood's ability to defend itself in the state action or to obtain indemnity or contribution from Shepard Niles. Accordingly, the "precedential" effect of a decision by the district court does not, in this case, justify a holding that Underwood is a "necessary" party under Rule 19(a)(2)(i). *Accord Drankwater v. Miller,* 830 F.Supp. 188, 193 (S.D.N.Y.1993) ("[W]hile it may be true that a court in a later litigation may consider an earlier finding, it is plain that a prior finding would not be binding upon [the

---

**9.** We note that if Shepard Niles is not liable to Janney, an attempt by Shepard Niles to invoke the district court's final judgment in its favor as a collateral estoppel in an action against it by Underwood for contribution or indemnification would be unavailing because Underwood is most likely not a party whose interests are the same as Shepard Niles. *See infra* at 410–11 for discussion on use of collateral estoppel against nonparties.

absent party] since [it] was not a party to the instant action. Thus, the Court finds the 'negative precedent' argument unpersuasive and insufficient alone to support a finding that [the absent party] should be joined if feasible."). The rationale of *Marra* is not applicable here.

Shepard Niles also relies heavily on the Court of Appeals for the First Circuit's decision in *Acton*. *Acton*, too, is distinguishable from the case at hand. There, a parent corporation, the Acton Corp. ("Acton") and its subsidiary, Acton Co., Inc. of Massachusetts ("ACIM") entered into an asset purchase agreement with the defendant, Bachman Foods, Inc. ("Bachman"). Both Acton and ACIM were signatories to the contract. *Acton*, 668 F.2d at 77. Acton refused to complete performance, claiming that Bachman had not only breached the agreement but had also made material misrepresentations which induced Acton to enter into the contract. Bachman filed a breach of contract action against both Acton and ACIM in a New York state court. ACIM then filed, in district court under diversity jurisdiction, damage claims for fraud and misrepresentation along with a claim seeking a declaratory judgment that no enforceable agreement existed between Bachman and ACIM. *Id.* at 78. ACIM did not join Acton in its federal action against Bachman because Acton's presence would have destroyed complete diversity and deprived the district court of subject matter jurisdiction under 28 U.S.C.A. § 1332. *Id.* at 78. The district court dismissed the action because of failure to join Acton as an indispensable party.

The United States Court of Appeals for the First Circuit affirmed the district court's dismissal of the action for failure to join an indispensable party. *Id.* The court of appeals initially held that Acton's non-joinder raised a substantial question as to whether complete relief could be granted in Acton's

absence under Rule 19(a)(1). In that respect, its concern centered on the ability of Acton, there a *co-obligee* on the agreement, to bring a separate action of its own against Bachman that could subject Bachman to double liability on the same claim that ACIM was making in the federal action. Therefore, it held Acton's presence was necessary for the grant of complete relief. *Id.* No such concern is present here. Shepard Niles argues that Underwood is a necessary and indispensable defendant because it is potentially a co-obligor with Shepard Niles, not a potential co-obligee, as in *Acton*. As one commentator has noted:

> Today the joinder of obligors is left to plaintiff's discretion by many courts and he may select defendants without being concerned about dismissal because of nonjoinder. Joint obligors thus are treated as Rule 19(a) parties, but are not deemed indispensable under Rule 19(b).[10] . . . Joint *obligees*, on the other hand, usually have been held indispensable parties and their nonjoinder has led to a dismissal of the action.

7 Charles A. Wright et al., *Federal Practice and Procedure* § 1613 at 182–85 (1986) (emphasis and footnote added); *cf. Brackin Tie, Lumber & Chip Co. v. McLarty Farms, Inc.*, 704 F.2d 585, 586–87 (11th Cir.1983) (endorsing distinction between obligor and obligee in evaluating whether absent joint obligor was indispensable party under Rule 19); *Wolgin*, 397 F.Supp. at 1012 ("[J]oint obligors (persons who owe a duty of performance), as opposed to joint obligees (persons to whom a duty is owed), have never been considered indispensable parties.") (citations omitted).[11]

▆ Here, Shepard Niles cites *Acton* to support its argument that the potentially persuasive effect of the federal action on any related litigation justifies the district court's conclusion that the absent party's joinder is compulsory under Rule 19(a)(2)(i). Brief for

---

**10.** For the reasons already indicated, we view Shepard Niles and Underwood as not only joint obligors, but obligors that may be jointly *and* severally liable. *See* 7 Charles A. Wright et al., *Federal Practice and Procedure* § 1613, at 183 n. 8 (citing *Cunard Line Ltd. v. Abney*, 540 F.Supp. 657, 659 n. 3 (S.D.N.Y.1982)) ("[t]he individual joint obligor is a necessary party (not an indis-

pensable one) in an action against one or more of the joint individual obligors").

**11.** We have already demonstrated that Underwood is not a party whose joinder is compulsory if feasible under Rule 19(a)(1) because complete relief can be given in its absence. *See supra* Part III. A.

Appellee at 19 (citing *Acton,* 668 F.2d at 78). That argument·ignores the United States Court of Appeals for the First Circuit's refusal to adopt a persuasive precedent standard for a Rule 19(a) determination that all tortfeasors who could be jointly and severally liable should be joined if feasible. *See Pujol v. Shearson/American Express, Inc.,* 877 F.2d 132, 136 (1st Cir.1989) ("The mere fact, however, that Party A, in a suit against Party B, intends to introduce evidence that will indicate that a non-party, C, behaved improperly does not, by itself, make C a necessary party."). Though we recognize that the *Pujol* court distinguished joint tortfeasors from joint obligors and stated that *Acton* was still good law as applied to contract liability, *id.* at 137, we see no logical distinction that would justify treating contract actions differently than tort actions for purposes of compulsory joinder. Instead, we believe the distinction made by the Court of Appeals for the First Circuit is based on authority, not logic. Thus, to the extent *Pujol* goes beyond a panel's recognition of the need to accept controlling circuit precedent, it does not persuade us. For the reasons already stated, we hold instead that Underwood, a co-obligor, is not a party whose joinder Rule 19(a)(2)(i) requires because continuation of the federal litigation in Underwood's absence will not create a precedent that might persuade another court to rule against Underwood on principles of *stare decisis,* or some other unidentified basis not encompassed by the rules of collateral estoppel or issue preclusion.

 We do not ignore the *Acton* court's suggestion that joinder of an absent party is compulsory under Rule 19(a)(2)(i) if the federal litigation would have a preclusive effect against the absent party in subsequent state litigation. *Acton,* 668 F.2d at 78. Indeed, we agree. If issue preclusion or collateral estoppel could be invoked against Underwood in other litigation, continuation of the federal action could "as a practical matter impair or impede" Underwood's interests and so Rule 19(a)(2)(i) would require its joinder if joinder were feasible. Fed.R.Civ.P. 19(a)(2)(i). In the case before us, however, this argument lacks force. Mere presentation of an argument that issue·preclusion is possible is not enough to trigger Rule 19(a)(2)(i). Rather, it must be shown that some outcome of the federal case that is reasonably likely can preclude the absent party with respect to an issue material to the absent party's rights or duties under standard principles governing the effect of prior judgments.[12] If impairment of the absent party's interest is not shown in that sense, the adequacy of Shepard Niles' representation of Underwood's interest is not material.[13] Shepard Niles' assumption that any potential for issue preclusion compels a holding that a party is necessary under Rule 19(a)(2)(i) cannot be accepted.

The district court itself acknowledges that subsection (a)(2)(i) does not make Underwood's joinder compulsory, if feasible, because of any effect issue preclusion may have on Underwood. While noting that a final judgment in this action would be inadequate and result in piecemeal litigation and would still leave Shepard Niles subject to inconsistent or double liability, it specifically stated, in the course of its Rule 19(b) analysis, that "the judgment would be binding as to Shepard Niles *only.*" *Janney Montgomery Scott,* 1993 WL 4165, at *4, 1993 U.S.Dist.LEXIS

---

**12.** In Pennsylvania, a party may be precluded from relitigating an issue if:

(1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Sanders v. Sanders,* 384 Pa.Super. 311, 558 A.2d 556, 560 (1989) (citation omitted), *appeal denied,* 525 Pa. 635, 578 A.2d 930 (1990).

**13.** We need not consider Janney's argument that Shepard Niles will adequately represent Underwood's interest and therefore Underwood's joinder is not necessary to meet the requirement of Rule 19(a)(2)(i). Adequacy of representation is the fourth subject of inquiry under Pennsylvania law on collateral estoppel or issue preclusion. It is not reached unless the first three requirements are met. *See* note 12 and *Sanders,* 384 Pa.Super. at 319, 558 A.2d at 560.

141, at *14 (emphasis added). In this respect, the district court is correct. Its conclusion that Underwood would not be bound is a corollary of the general rule that issue preclusion applies only to persons who were either parties to the prior action or shared the same interest as the parties who were present in the prior action. *See Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 670 (11th Cir.1982) ("Because [the absent party] is not a party to this suit and will not have an opportunity to litigate his involvement in the questioned transaction, he will not be legally bound by the judgment under principles of res judicata or collateral estoppel."); 18 Wright et al., § 4449, at 411 ("The basic premise of preclusion is that parties to a prior action are bound and nonparties are not bound."). Underwood does not share Shepard Niles' interest. Indeed, its interests are adverse to those of Shepard Niles with respect to any right of contribution or indemnity that may arise out of either's potential liability to Janney.

For issue preclusion to apply against Underwood, the state court would thus have to find Underwood in privity with Shepard Niles because Underwood controlled or directed the previous litigation or Shepard Niles was sued in a representative capacity. *See Sanders*, 558 A.2d at 560 (issue preclusion applies where "the party against whom [it] is asserted was a party or *in privity* with a party to the prior adjudication"); 18 Wright et al. §§ 4451, 4454, at 428, 459. This inquiry made for collateral estoppel purposes is similar to that made in a Rule 19(a)(2)(i) determination: if the court finds that an absent party's interest will be impaired and impeded if it is not joined as a party to the present action it implicitly indicates that the absent party's interests are not sufficiently protected in its absence. Conversely, if another court is later to invoke issue preclusion on the basis of privity, it will have to determine that the absent party's interest was adequately protected by a party to the previous litigation. We will not theorize in determining necessary party status about the potential preclusive effect of this action on a later lawsuit as this would be premature. *See Johnson & Johnson v. Coo-*

*pervision, Inc.*, 720 F.Supp. 1116, 1124 (D.Del.1989) (holding it would be premature for court in Rule 19(b) indispensable party analysis to decide whether the absent party is in privity for purpose of determining preclusive effect of lawsuit given highly factual nature of privity analysis). Underwood could have sought leave to intervene in this action under Rule 24(b)(2) if it wished to insure that its right of contribution is not adversely affected by a judgment in the Janney–Shepard Niles litigation, but intervention is not necessary to protect its right of contribution or indemnity against collateral estoppel. In addition, Underwood can always bring its own action against Shepard Niles for contribution or indemnification. *See infra* at 411–12.

The case law and commentary that supports the proposition that one co-obligor may be sued without joinder of its co-obligors implicitly supports the proposition that issue preclusion for or against an absent co-obligor is not a consequence of any final decision for or against the co-obligor who is present as a party in a contract action. Thus, the United States Supreme Court has stated:

[T]he plaintiff, by his judgment against one of his joint debtors, gets the relief he is entitled to.... The absent joint obligors are not injured, because *their rights are in no sense affected,* and they remain liable to contribution to their co-obligor who may pay the judgment by suit, as they would have been had he paid it without suit.

*Barney v. Baltimore City,* 73 U.S. (6 Wall) 280, 287, 18 L.Ed. 825 (1867) (emphasis in original); *see also Camp v. Cress,* 250 U.S. 308, 316–17, 39 S.Ct. 478, 481–82, 63 L.Ed. 997 (1919) (finding that one co-obligor is not indispensable party in case for damages under joint contract); *Mamalis,* 528 A.2d at 202 (release of one obligor does not discharge co-obligors because each obligor under contract independently consented to obligation); *Williston on Contracts,* § 336, at 701 n. 3 (some statutes provide that joint obligors may be sued separately); *Restatement (Second) of Contracts* § 290 cmt. c ("Thus joinder of [co-obligors] not within the jurisdiction of the court has not been required in the United States."); *cf.* Restatement (Second) of Con-

tracts § 291 (1981) ("In an action against promisors of the same performance ... judgment can properly be entered for or against one even though no judgment or a different judgment is entered with respect to another....").

The district court erred in holding that the mere possibility that its decision in the present action would be a "persuasive precedent" in any subsequent state action against Underwood could, as a practical matter, impair or impede Underwood's interest under Rule 19(a)(2)(i). Accordingly, we hold Underwood is not an absent party whose joinder is compulsory, if feasible, under Rule 19(a)(2)(i).

### 2. *Rule 19(a)(2)(ii)*

We have yet to consider the effect of Rule 19(a)(2)(ii) on the non-joinder of Underwood. It requires us to decide whether continuation of this action in the absence of Underwood would expose Shepard Niles to the "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.P. 19(a)(2)(ii). The district court decided that "the continuation of this action in Underwood's absence may expose Shepard Niles to a substantial risk of incurring double or inconsistent obligations" because Shepard Niles may be found liable under the Agreement in the federal action while Underwood may be found not liable in the state court action. *Janney Montgomery Scott*, 1993 WL 4165, at *4, 1993 U.S.Dist.LEXIS 141, at *12.

■ Janney argues that the district court erred in concluding that continuation of the federal action had the potential of subjecting Shepard Niles to double liability. Janney states, "[r]egardless of who wins in federal court, the outcome of the case will be res judicata or collateral estoppel as between Janney and Shepard Niles.... resolv[ing] the dispute between Janney and Shepard Niles *once and for all.*" Brief for Appellant at 29 (emphasis in original); *see also supra* at 410–11 (discussing potential collateral estoppel effect vis a vis Underwood). We agree. If Shepard Niles is held not liable in

the federal action, it cannot be liable under principles of issue and claim preclusion in the state court action. But if Shepard Niles is held liable, the result will bind it only in its dispute with Janney, and it will remain free to claim contribution or indemnity from Underwood.

It is, of course, possible, as the district court concluded, that if Shepard Niles is held liable in the federal action, it "may ultimately be responsible for the entire claim if Underwood is found not liable in the State Court Action." *Janney Montgomery Scott*, 1993 WL 4165, at *3, 1993 U.S.Dist.LEXIS 141, at *12. This is not, however, the double liability that Rule 19(a)(2)(ii) refers to. Thus, the district court erred in concluding that continuation of this action exposed Shepard Niles to a risk of double liability within the meaning of Rule 19(a)(2)(ii). Beneath the district court's conclusion lies an unstated premise—if Shepard Niles is liable on the agreement, Underwood, the signer, must be liable too. That might be so in "the best of all possible worlds," as Dr. Pangloss would say, but Dr. Pangloss does not rule the legal system and in it judges and juries, not Candide, are the arbiters of lawsuits. *Hamilton v. Nielsen*, 513 F.Supp. 204, 208 n. 3 (N.D.Ill.1981) (quoting Voltaire, *Candide, Zadig and Selected Stories* (Donald Frame tr. 1961)), *aff'd*, 678 F.2d 709 (7th Cir.1982). Thus, in this imperfect world, the district court's premise is contradicted by the law's refusal to consider the real possibility that one court could find Shepard Niles liable while another was finding Underwood not liable in separate proceedings to which the rules of claim or issue preclusion do not apply. *Cf. Field*, 626 F.2d at 301–02 ("[T]he possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic [does not] trigger the application of Rule 19.").[14]

■ A holding that Shepard Niles is liable to Janney does not legally imply that Underwood is also liable. *See Mamalis*, 528 A.2d at 202 ("Each obligor under a contract has independently consented to the obli-

---

**14.** We recognize, of course, that if Janney should obtain full recovery from Shepard Niles in federal court, it could not seek to double that recovery

by maintaining the state court action against Underwood.

gation.... [A] contract cause of action against an individual obligor does not depend on the status of a separate claim."); *see also Restatement (Second) of Contracts* § 291, at 416–17. Underwood's liability as Shepard Niles' co-obligor is not a condition precedent to Shepard Niles' liability under the agreement.

■ The possibility that Shepard Niles may bear the whole loss if it is found liable is not the equivalent of double liability. It is instead a common result of joint and several liability and should not be equated with prejudice. Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him, thereby forcing the debtor who has paid the whole debt to protect itself by an action for contribution against the other joint obligors.

■ An outcome adverse to Shepard Niles in Janney's present action against it does not have any legal effect on whatever right of contribution or indemnification Shepard Niles may have against Underwood. Though federal civil practice, in common with other modern Anglo–American procedural systems, permits a party defendant who claims a right of contribution or indemnity from third persons to protect itself from potentially inconsistent verdicts by impleading the absent party under Federal Rule of Civil Procedure 14, it is not required to do so; and, if it does not, its right to bring a separate action for contribution or indemnity is unaffected.[15] Thus, in *Bank of America National Trust and Savings Association,* 844 F.2d at 1054, we stated, "[a] defendant's right to contribution or indemnity from an absent non-diverse party does not render

that absentee indispensable pursuant to Rule 19." *See also Park,* 695 F.2d at 632; *Pasco Int'l (London) Ltd. v. Stenograph Corp.,* 637 F.2d 496, 503 (7th Cir.1980) ("[P]otential indemnitors have never been considered indispensable parties, or even parties whose joinder is required if feasible.... [The defendant] can always protect itself from the possibility of inconsistent verdicts by impleading [the absent party] under Rule 14...."). In *Field,* this Court, in reviewing whether an absent non-diverse party was necessary and indispensable to a tort action, stated:

> [T]he possibility that [the defendant] may have a right of reimbursement, indemnity, or contribution against [the absent party] is not sufficient to make [the absent party] indispensable to the litigation. This is so because under Fed.R.Civ.P. 14(a) a defendant is authorized to bring into a lawsuit any person "not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

*Field,* 626 F.2d at 298 (footnote omitted). We concluded in *Field* that a defendant's potential loss of its right to contribution from an absent party did not subject it to multiple liability within the meaning of Rule 19. *Id.* at 301 (citing 3A Moore's ¶ 19.07–1[2], at 19–128). Although *Field* involved potential liability in tort from an auto accident, we think its reasoning is equally applicable to cases involving co-obligors who may be jointly and severally liable on a contract. Shepard Niles is free to implead Underwood, using Rule 14, to assert its claim for contribution or indemnity in the pending state action or to institute a separate action against Underwood for contribution or indemnity upon principles of restitution if it is ultimately held liable to Janney. The continuation of this case in the absence of Underwood does not subject Shepard Niles to double or inconsistent lia-

---

15. Rule 14 provides, in pertinent part:
> [A] defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Fed.R.Civ.P. 14(a). This, of course, raises the issue of supplemental jurisdiction. The district court, however, would have jurisdiction over Shepard Niles' claim of contribution under 28 U.S.C.A. § 1367(a) (West Supp.1993). Janney, however, is explicitly precluded from amending its complaint to include Underwood and, thus, litigate Underwood's liability to it. *See* 28 U.S.C.A. § 1367(b) (West Supp.1993) ("In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by *plaintiffs* against persons made parties under Rule 14 ... when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.") (emphasis added).

bilities. Therefore, we hold that Underwood is not a necessary party under Rule 19(a)(2)(ii).

## IV. *Conclusion*

Underwood's joinder is not necessary under Rule 19(a)(1) because the district court can give complete relief to Janney and Shepard Niles in their action. Rule 19(a)(2)(i) is not triggered by the mere possibility that continuation of this federal case could have some effect on later litigation between Janney and Underwood. That possibility is too speculative to support a holding that Underwood's interests will, as a practical matter, be impaired or impeded by the continuation of this litigation in its absence. Nor will continuation of this action in Underwood's absence expose Shepard Niles to inconsistent obligations or double liability under Rule 19(a)(2)(ii). Therefore, we conclude that the district court erred when it held that Underwood was a party who had to be joined under Rule 19(a) if its joinder were feasible. That conclusion makes it unnecessary for us to decide whether the district court abused its discretion when it decided that Underwood was an indispensable party under Rule 19(b).

The district court's determination that Underwood is a necessary party will be reversed and the case will be remanded for further proceedings consistent with this opinion.