

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2006

# Dickson v. Murphy

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4728

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Dickson v. Murphy" (2006). *2006 Decisions.* Paper 345.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/345

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4728
_____

JEFFREY S. DICKSON;
DAVIS YACHT SALES, INC.,

Appellants

v.

WENDELL MURPHY, JR.;
MARK ROBERTS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cv-01687)
District Judge:  Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2006

Before:  FUENTES, FISHER and McKAY,[*] *Circuit Judges*.

(Filed October 6, 2006)
_____

OPINION OF THE COURT
_____

_____

[*]The Honorable Monroe G. McKay, United States Circuit Judge for the Tenth
Circuit, sitting by designation.

FISHER, *Circuit Judge*.

Jeffrey S. Dickson and Davis Yacht Sales, Inc. appeal the District Court's

dismissal of their claims against Wendell Murphy, Jr. The issue on appeal is whether the

District Court erred in granting a motion to dismiss for failure to join indispensable

parties who were signatories of the two agreements at issue in this case. For the reasons

that follow, we will affirm the dismissal.

I.

As we write only for the parties, who are familiar with the factual context and the

procedural history of the case, we will set forth only those facts necessary to our analysis.

Wendell Murphy, Jr., entered into an Asset Purchase Agreement ("Agreement") to

purchase the assets of Davis Yacht Sales, Inc. ("Yacht Sales") and Davis & Dickson

Enterprises, Inc. ("Enterprises, Inc.").[1] Jeffrey S. Dickson is the sole owner and President

of Yacht Sales, the sole owner of Davis & Dickson Enterprises, LLC ("Enterprises,

LLC"), and a fifty-percent owner of Enterprises, Inc. The other fifty percent of

Enterprises, Inc. is owned by Carson R. Davis, Jr., and Barbara Davis. In turn,

Enterprises, Inc. owns one hundred percent of Davis Boat Works, Inc., Carolina Yacht

Interiors, Inc., Carolina Welders, Inc., Buddy Davis & Associates, Inc., Mill Landing

Marine Maintenance Center, Inc., and Davis Resources Management, Inc. The sellers on

---

[1]Although the caption still includes Mark Roberts as an appellee, Mr. Roberts is no longer a party to this dispute because Dickson and Yacht Sales voluntarily dismissed their claim against Mr. Roberts on July 16, 2005.

2

the Agreement are all of these corporations, Carson Davis, Barbara Davis, and Dickson. Murphy entered into a second agreement, the Boat Agreement, to purchase a boat and boat slips from Davis Boat Works, Inc., Yacht Sales, and Dickson. Both of these agreements provide that they are governed by North Carolina law and lawsuits under the Boat Agreement must be brought in North Carolina courts.

Dickson is a citizen of Pennsylvania and Yacht Sales is a Pennsylvania corporation. Every other corporation that signed the two agreements are North Carolina corporations, and Murphy, Carson Davis and Barbara Davis are citizens of North Carolina.

Murphy decided not to go through with the terms of the Agreement. Dickson and Yacht Sales brought suit in the United States District Court for the Middle District of Pennsylvania against Murphy based on diversity of citizenship. The complaint alleged various fraud, contract and quasi-contract claims related to the two agreements. Murphy and others brought suit in a North Carolina state court against Dickson, Yacht Sales and all of the other signatories to the two agreements. Then, Murphy moved to dismiss the federal court complaint for failure to join indispensable parties or in the alternative improper venue. The District Court granted Murphy's motion to dismiss for failure to join indispensable parties. Dickson and Yacht Sales now appeal.

## II.

The District Court had jurisdiction over this diversity suit pursuant to 28 U.S.C. § 1332 because for diversity purposes Dickson and Yacht Sales are citizens of Pennsylvania, and Murphy is a citizen of North Carolina. We have appellate jurisdiction over the final order of the District Court dismissing the claims pursuant to 28 U.S.C. § 1291.

Federal Rule of Civil Procedure 19 determines whether a non-joined party is indispensable and must be joined in the action. The first step of the analysis is to decide whether the non-joined party must be joined. If the court determines that the non-joined party must be joined and that joinder is not feasible, the next step of the analysis is to determine whether the non-joined party is indispensable under Rule 19(b). If the court determines that the non-joined party is indispensable, the suit must be dismissed. *See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993).

We exercise plenary review over the District Court's determinations that are conclusions of law, but we review only for clear error the subsidiary findings of fact. We review for abuse of discretion the District Court's Rule 19(b) determination that a party is indispensable and that dismissal is required because the party's joinder would destroy subject matter jurisdiction in diversity.

### A.

Rule 19(a) states in pertinent part:

4

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). The District Court found that the non-joined parties were necessary parties because they were signatories to one or both of the agreements.

Dickson and Yacht Sales argue that the non-joined parties are not necessary to this action because the non-joined corporations have no claims being pursued in this action. However, the complaint alleges that Murphy interfered with the business of Davis Boat Works, Inc., a non-joined party, by contacting vendors. Additionally, under the terms of the Agreement, the non-joined parties as sellers contracted to conduct its operations according to its ordinary and usual course of business. Considering the complaint alleges breach of contract claims, whether or not the sellers fulfilled their side of the bargain is very relevant to this action.

We recognized a distinction between co-obligees and co-obligors in the context of Rule 19(a) in our decision in *Janney Montgomery Scott, Inc. See Janney*, 11 F.3d at 408. In *Janney*, we were faced with the question of whether Rule 19(a) required joinder of a co-obligor to a contract. *See id.* at 402. In our analysis we explained that generally a co-obligor was not necessary. *See id.* at 413. However, co-obligees usually are

5

indispensable parties. We pointed to one commentator's explanation that "[j]oint obligees, … [as compared to joint obligors], usually have been held indispensable parties and their nonjoinder has led to a dismissal of the action." *Id.* (citing *Federal Practice & Procedure* § 1614 at 182-85). Additionally, the Advisory Committee note to Rule 19(a) explains that:

> [c]lause (1) stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or "hollow" rather than complete relief to the parties before the court. The interests that are being furthered here are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter.

*Bank of Am. Nat'l Trust & Savs. Assoc. v. Nilsi*, 844 F.2d 1050, 1055 n.5 (3d Cir. 1988) (citing Fed. R. Civ. P. 19(a) Advisory Committee note to the amended rule).

Dickson, Yacht Sales and the other non-joined signatories are co-obligees under the agreements. An obligee is "[o]ne to whom an obligation is owed." *See Black's Law Dictionary* 1106 (8th ed. 2004). Murphy owed obligations to all of the signatories. The claims that are being pursued in this action relate to the conduct of Murphy in relation to Davis Boat Works, Inc. Adjudication of this action absent the non-joined signatories will not further the public interest of preventing lawsuits on the same essential matter. Because we agree with the District Court that the non-joined signatories to the agreements are necessary parties under Rule 19(a), we will affirm this finding by the District Court.

Rule 19(a) requires joinder of necessary parties if feasible. It is not disputed that joinder in this case is not feasible because joinder of any of the non-joined parties will

6

defeat complete diversity. Like Murphy, all of the non-joined parties are citizens of North Carolina for diversity purposes. In order for a federal court to have jurisdiction in a diversity suit, complete diversity of citizenship must exist. *See City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). The District Court did not err in determining that the non-joined parties were necessary parties under Rule 19(a) and that their joinder was not feasible.

B.

When a court determines that joinder is necessary under Rule 19(a) and that joinder is not feasible, the court must then determine whether the non-joined party is indispensable under Rule 19(b). *See HB General Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1190 (3d Cir. 1996). The question under Rule 19(b) is whether "in equity and good conscience" the court should proceed without the non-joined parties. Fed. R. Civ. P. 19(b). Rule 19(b) provides factors that should be considered by the court in making the determination of whether to proceed or dismiss the action. Those factors include:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). This is not an exhaustive list of factors that can be considered, but they are the most important factors. *See Gardiner v. V.I. Water & Power Auth.*, 145 F.3d 635, 640-41 (3d Cir. 1998). The District Court determined that the rights of the absent

7

signatories would be prejudiced if they were not present, and that Dickson and Yacht Sales had an adequate remedy in state court. It considered the pending North Carolina state court case that involves the same issues as the present action and includes all of the signatories as defendants. Additionally, the District Court considered the fact that both of the agreements provide that North Carolina law applies and the Boat Agreement provides that any lawsuits should be brought in North Carolina state court.

The first factor favors dismissal because the analysis under this factor "overlaps considerably with the Rule 19(a) analysis." *Gardiner v. V.I. Water & Power Auth.*, 145 F.3d 635, 641 n.4 (3d Cir. 1998). As we explained in our Rule 19(a) analysis, a judgment rendered in this action may prejudice Murphy because he may be subject to multiple identical claims and multiple or inconsistent judgments in other actions.

The second factor considers whether a judgment or a remedy can be shaped in order to lessen the prejudice of not having the non-joined parties involved in the action. Dickson and Yacht Sales argue that there is an identity of interests between them and the other signatories because all of the people with the power to bring suit on behalf of the non-joined signatories are before the District Court; Dickson controls all of the absent corporations. In support of this argument, Dickson and Yacht Sales rely on our decision in *HB General Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185 (3d Cir. 1996). In *HB General*, we held that in a suit between partners of a partnership the partnership itself was a necessary party under Rule 19(a), but was not indispensable under Rule 19(b). *Id.* at 1190-91. We determined that non-joinder of the partnership would not leave the

8

defendant partner subject to multiple identical claims because the court could protect his interests by enjoining "all of the partners from bringing a subsequent suit on behalf of the [p]artnership." *Id.* In the present case, the District Court cannot enjoin all of the individuals or corporations who could bring a subsequent lawsuit. Dickson is not the sole shareholder of Enterprises, Inc. and the other shareholders are not before the Court; the Court cannot enjoin the other shareholders from bringing a subsequent derivative suit on behalf of the corporation. Furthermore, there are two absent signatories who are individuals, Carson Davis and Barbara Davis. There is a difference between an absent entity and an absent human being. *HB General*, 95 F.3d at 1193 n.3. Relief cannot be shaped so as to lessen prejudice to Murphy.

The third factor, whether a judgment will be adequate, also weighs in favor of dismissal. The United States Supreme Court has interpreted this factor to be a determination of the interest of the public in having a dispute completely, consistently and efficiently resolved. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968). Under the agreements in the present action, the non-party signatories can bring claims against Murphy and Murphy has brought claims against them. Such additional litigation is inefficient and could lead to inconsistent determinations.

Finally, the fourth factor of whether an adequate remedy exists for the plaintiff if the action is dismissed is answered in the affirmative. Although this factor is not dispositive, it is clear that the North Carolina courts would be an appropriate forum. *See Bank of Am. Nat'l Trust & Savs. Assoc. v. Nilsi*, 844 F.2d 1050, 1055 (3d Cir. 1988).

9

In balancing these factors, we find that the District Court did not abuse its discretion in determining that the non-joined parties were indispensable to this action under Rule 19(b).

## III.

Because we agree with the District Court's determination that the non-joined parties are indispensable under Rule 19, we will affirm the judgment of the District Court.