Carole LEVITZ, personal representative of decedent Beverly Quinn and executrix of the Estate of Beverly Quinn,

v.

NATIONWIDE INSURANCE COMPANY.

No. CIV. A. 01–22.

United States District Court, E.D. Pennsylvania.

April 11, 2001.

Jonathan L. Braff, Philadelphia, PA, for Plaintiff.

J. Keath Fetter, Swartz, Campbell & Detweiler, West Chester, PA, for Defendant.

## MEMORANDUM AND ORDER

SHAPIRO, Senior District Judge.

On May 7, 1999, plaintiff's decedent, Beverly Quinn ("Quinn"), was a passenger in a car driven by Gretchen Bussard and owned by Donald Bussard ("Bussard"); both Quinn and Gretchen Bussard were killed when their car was struck by a truck operated by Manfred Oppenheim ("Oppenheim") and owned by Owen B. Holcomb ("Holcomb"). Oppenheim and Holcomb were insured by Carolina Casualty Insurance Company ("Carolina Casualty"); it

filed a complaint in interpleader and deposited the full amount of the policy (one million dollars) with the court.

Plaintiff, the Estate of Gretchen Bussard, and all other possible claimants against the fund were joined as parties-defendant in the interpleader action. In allocating the interpleader funds, plaintiff's actual damages were valued at $998,239.00; her *pro rata* share of the $1,000,000.00 insurance proceeds was $154,000.00. Plaintiff now brings this declaratory judgment action against Nationwide Insurance Company ("Nationwide"), insurer of the Bussard vehicle, for underinsured motorist benefits in the amount of $844,239.00, the difference between the valuation of plaintiff's claim and the amount awarded in the interpleader action. Both parties have moved for summary judgment.

## BACKGROUND

The May 7, 1999, accident involved numerous parties. Carolina Casualty, insurer of Oppenheim and Holcomb, instituted an interpleader action and deposited the full policy coverage, one million dollars, with the court. Many of the parties involved in the accident submitted claims for personal injuries and property damage; they were referred to the Honorable M. Faith Angell, United States Magistrate Judge for the Eastern District of Pennsylvania, for valuation and assessment of damages. Judge Angell filed a Report and Recommendation ("R & R") approved by this court by Order dated October 30, 2000.

On October 31, 2000, plaintiff forwarded a copy of this court's October 30, 2000 Order to Nationwide and made a demand for underinsured motorist benefits in the amount of $844,239.00, the difference between the value of the Estate's claims as

determined by this court and the *pro rata* award it received. Nationwide, claiming it was not bound by this court's determination of the value of the claims in the interpleader action, has refused to pay that amount. Nationwide requested discovery on the asserted claims; plaintiff refused to comply with the discovery requests. Both parties moved for summary judgment shortly after the Answer to the Complaint was filed. For the reasons set forth below, plaintiff's motion for summary judgment will be denied and defendant's motion for summary judgment will be granted.

## DISCUSSION

### A. Standard of Review

Summary judgment is appropriate if there are no genuine issues of material fact and the evidence establishes that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The parties concede that no issues of material fact exist and the issue is one purely of law: whether issue preclusion bars relitigation of the value of plaintiff's claim.

### B. Issue Preclusion

In a diversity action,[1] Pennsylvania law on issue preclusion applies. *See Public Serv. Mutual Ins. Co. v. Cohen,* 616 F.2d 704 (3d Cir.1980)(approving application of Pennsylvania issue preclusion principles to determine whether a prior Maryland court decision collaterally estopped relitigation in a diversity action filed in the Eastern District of Pennsylvania). *See also Ranger Ins. Co. v. General Accident Fire and Life Assurance Corp. Ltd.,* 800 F.2d 329, 330 (3d Cir.1986)(applying Pennsylvania is-

---

1. Plaintiff is a citizen of Pennsylvania, defendant is a citizen of Ohio, and the amount in controversy exceeds $75,000.

sue preclusion principles to a diversity action in which defendant insurance company claimed a prior Pennsylvania state court decision had conclusively determined an issue related to insurance coverage).

■■■ Under Pennsylvania law, for a prior adjudication to preclude a party from relitigating an issue:

(1) the issue decided in the prior adjudication must be identical to the one later raised;

(2) the judgment in the prior action must have been final;

(3) the party against whom preclusion is being asserted must have been a party to the prior action or in privity with a party in the prior action; and

(4) the party against whom it is asserted must have had a full and fair opportunity to litigate the issue in the prior action.

See id. at 330–331; *Cohen*, 616 F.2d at 707.

The parties do not dispute that the issue raised here (the value of plaintiff's claim) is identical to an issue raised in the interpleader action, nor do they dispute that the judgment in the interpleader action was final. Further, the parties agree that Nationwide was not a party to the interpleader action. The disagreements are whether Nationwide was in privity with plaintiff or the Bussard Estate, parties to the interpleader action, and/or could have intervened in the interpleader action and had a full and fair opportunity to contest the value of the Quinn claims.

### 1. *Privity*

■■■ Nationwide was not a party to the interpleader action, but its insureds, plaintiff and (the Estate of) Gretchen Bussard were. "[U]nder Pennsylvania law[,] insurers and insureds are in privity for assessing the [issue preclusion] consequences of the prior adjudication of a particular issue unless in that prior adjudication the interests of the insured and insurer conflicted

on that issue." *Ranger*, 800 F.2d at 331–32(summary judgment based on collateral estoppel denied for lack of privity between insurer and insured because of conflicts of interest in prior proceeding). *See also Bracciale v. Nationwide Mutual Fire Ins. Co.*, No. Civ. A. 92–7190, 1993 WL 323594 at *13–14 (E.D.Pa. Aug. 20, 1993)(Yohn, J.)(insurer not estopped from raising issue of intentional versus negligent conduct of its insured in defending indemnity claim when the insurer did not defend its insured in the underlying action determining the insured's liability); *Aetna Life and Casualty Co. v. McCabe*, 556 F.Supp. 1342, 1348–52 (E.D.Pa. Jan. 31, 1983)(Shapiro, J.)(insurer who defended insured in medical malpractice action was barred from relitigating whether the insured's misconduct occurred in the course of treatment, an issue specifically decided by the jury, but the insurer was not barred from relitigating whether the misconduct was negligent or intentional, an issue not decided in the underlying action).

### 2. *Full and Fair Opportunity to Litigate the Issue*

Plaintiff also argues Nationwide was able to intervene in in the interpleader action to protect its interests and it therefore had a full and fair opportunity to litigate the value of the Quinn Estate claim. Pl.'s Memo. at 7. Plaintiff contends that under Fed.R.Civ.P. 24, Nationwide could have intervened because the determination of the value of the Quinn claims and the amount paid to the Estate of Quinn in the interpleader action would "directly affect [the Estate's] claim for underinsured motorist benefits and impair [Nationwide's] ability to protect its interest in regards (sic) to those benefits." *Id.*

Fed.R.Civ.P. 24(a) provides that a party, upon timely application, may intervene as of right when

the applicant claims an interest relating to the property ... which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a). Additionally, an applicant may be permitted to intervene, upon timely application, when "an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b). Nationwide was notified of the pendency of the interpleader action by its insured, the Estate of Gretchen Bussard, as early as November 18, 1999. Pl.'s Memo at Ex. J. If Nationwide had moved for permissive intervention under Rule 24(b), barring objection by any party, such intervention would likely have been permitted.

■ Nationwide had notice and opportunity to intervene. However, intervention is not necessary to protect a party from collateral estoppel. *See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 410 (3d Cir.1993)(joinder of a parent company in an action against its subsidiary was not compulsory).

If Nationwide had intervened in the interpleader action, its interests would have been in conflict with those of its insureds, the Estates of Quinn and Bussard, and Nationwide might have been subject to liability for bad faith. The interest of both the Estates of Quinn and Bussard was to maximize the value of their claims; Nationwide's interest, with regard to any subsequent claim for underinsured motorist benefits, was to minimize such claims. *See e.g., Cooper Laboratories, Inc. v. Internat'l Surplus Lines Ins. Co.*, 802 F.2d 667, 675 (3d Cir.1986)(an insurer defends an insured in an underlying action at the insurer's peril when the insurer contends the scope of coverage and correlative duty to defend are at issue); *Bell v. Commercial Ins. Co. of Newark, N.J.*, 280 F.2d 514, 515–16 (3d Cir.1960)(an insurer defending its insured in a lawsuit arising out of a motor vehicle accident "does not have an absolute right to risk the insured's financial well-being; the insurer [has an] obligation of good faith....").

Plaintiff contends there was a common interest between the Bussard Estate and Nationwide to minimize the value of the Quinn Estate claim. Pl.'s Memo at 9. Even though the Bussard Estate might have been entitled to a larger portion of the interpleaded funds had the Quinn Estate's share been reduced, it is unclear that this fact alone would have provided the same incentive to the Bussard Estate to challenge the Quinn Estate's claim as Nationwide would have had to challenge it. The Bussard and Quinn families were friends; the Bussard Estate did not have the same incentive as Nationwide to litigate and minimize the value of the Quinn claim in the interpleader in view of the availability of underinsured motorist benefits to both claimants. Def.'s Memo at 9. Moreover, Nationwide could not encourage Bussard's challenge to Quinn, who was also its insured.

■ Had Nationwide intervened in the interpleader action and provided separate representation for the Estates of Bussard and Quinn, its interests would still have been in conflict with those of its insureds. Appointed counsel would have had to seek the highest valuation of the Estates' claims in good faith, but the Estates likely would not have directed appointed counsel to fight to minimize the other's claim. Nationwide could not adequately protect its interests in the interpleader action without acting in bad faith toward its insureds by intervening on its own behalf to minimize

both of its insureds' claims.[2] This conflict prevents Nationwide from being deemed in privity with either of its insureds. Neither did Nationwide have a full or fair opportunity to litigate the value of plaintiff's claim in the interpleader action.

Nationwide is not collaterally estopped from litigating the value of the Quinn Estate claim for underinsured motorist benefits.

## CONCLUSION

Because Nationwide was not in privity with its insureds and because a conflict of interest prevented it from intervening with a full and fair opportunity to litigate the value of plaintiff's claim in the prior interpleader action, Nationwide cannot be precluded from relitigating the value of plaintiff's claim for underinsured motorist benefits. Summary judgment will be denied plaintiff; summary judgment will be granted in favor of defendant.

## ORDER

AND NOW, this 11th day of April, 2001, for the reasons stated in a Memorandum filed this day, it is ORDERED that:

3. Plaintiff's motion for summary judgment [Docket # 4] is **DENIED**.

4. Defendant's cross-motion for summary judgment [Docket # 6] is **GRANTED**.

5. The action is **DISMISSED** without prejudice to arbitration.

6. Defendant waived any statute of limitations defense on the record on April 6, 2001.

7. The Clerk's Office is directed to mark this case **CLOSED**.

---

2. The Third Circuit has compared the determination of the privity factor in collateral estoppel analyses to Fed.R.Civ.P. 19(a)(2)(i) joinder. *See Janney,* 11 F.3d at 410. Fed. R.Civ.P. 19(a)(2)(i) provides that
> [a] person who is subject to service and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if ... the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may ... as a practical matter impair or impede the person's ability to protect their interest....

If under Rule 19(a)(2)(i), "the court finds that an absent party's interest will be impaired and impeded if it is not joined ... it implicitly indicates that the absent party's interests are not sufficiently protected in its absence." *Janney,* 11 F.3d at 410.

Privity in the context of collateral estoppel is similar; "if another court is later to invoke issue preclusion on the basis of privity, it will have to determine that the absent party's interest was adequately protected by a party to the previous litigation." *Id.* Nationwide was unnecessary to the determination of the value of plaintiff's claim in the interpleader action, and had it intervened in that action, it would have had to act contrary to the interests of its insured(s) to protect its own interests as the provider of underinsured motorist coverage.