NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4390
_____

DR. JOHN KIM,
Appellant

v.

MARINA DISTRICT DEVELOPMENT COMPANY LLC,
d/b/a BORGATA HOTEL CASINO & SPA
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 1-09-cv-01553
District Judge: The Honorable Renee M. Bumb

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 10, 2012

Before: RENDELL, SMITH, and BARRY, *Circuit Judges*

(Filed: July 12, 2012 )
_____

OPINION
_____

SMITH, *Circuit Judge.*

In February of 2008, Dr. John Kim, a Maryland resident, and his girlfriend

traveled to the Borgata Hotel Casino & Spa in New Jersey. The following morning

he ordered steak and eggs for breakfast from the room service menu. His girlfriend also ordered a breakfast. At some point after eating his meal, Dr. Kim felt ill. His symptoms became progressively worse, prompting his girlfriend to summon the Casino's emergency medical technicians (EMTs). According to Dr. Kim, his medical status did not improve. The following day, he decided to check out and to return home. The front desk, however, convinced Dr. Kim to visit the hotel medical clinic in the hotel, and the clinic in turn persuaded him to go to the hospital. While at the emergency room, Dr. Kim was diagnosed with food poisoning.

Dr. Kim returned to his home in Maryland to convalesce. His illness caused him to cancel his patient appointments for the following week. Subsequently, he filed this diversity action in the United States District Court for the District of New Jersey. He claimed that the Borgata was negligent in the preparation of its food and in the medical treatment it had provided. He sought damages for the loss of wages, his medical bills, bodily injury, and pain and suffering. In addition, Dr. Kim sought punitive damages. The Borgata successfully moved for partial summary judgment on the claim for negligent treatment and for punitive damages. Thereafter, a jury returned a verdict in favor of the Borgata, finding that it had not

been negligent in the preparation of Dr. Kim's food. This timely appeal followed.[1]

Dr. Kim contends that the District Court made multiple errors. He asserts that the Court erred early in the proceeding by failing to enter default judgment. We conclude that the Court appropriately denied the motion because Dr. Kim did not move for entry of default. Fed. R. Civ. P. 55(a). Furthermore, the averments of his motion demonstrated that the Borgata had otherwise defended itself by requesting an extension of time to answer the complaint, which Dr. Kim was unwilling to grant.

The District Court, according to Dr. Kim, also made several prejudicial pretrial decisions. After consideration of the record, we conclude that the District Court did not err in its pretrial rulings. The only pretrial decision which warrants discussion is the grant of summary judgment on Dr. Kim's punitive damages claim in favor of the Borgata.[2] For substantially the reasons given by the District Court, we agree with the dismissal of the claim for punitive damages. To the extent Dr.

---

[1] The District Court exercised diversity jurisdiction under 28 U.S.C. § 1332. We recognize that subsequent events cast some doubt on whether the requisite amount in controversy was satisfied when the complaint was filed. The post-filing revelations, however, did not clearly establish that Dr. Kim's claims could never have amounted to the requisite $75,000 amount in controversy given the claimed $71,000 in lost profits, the medical expenses incurred, the pain and suffering sustained, and the request for punitive damages. *See Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (discussing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). We exercise jurisdiction under 28 U.S.C. § 1291.
[2] We exercise plenary review over an order granting summary judgment. *Pichler v. UNITE*, 542 F.3d 380, 385-86 (3d Cir. 2008).

Kim challenges the denial of his motion for summary judgment on liability, we are unaware of any authority requiring review of this interlocutory ruling inasmuch as this matter proceeded to trial and the jury rendered a verdict. *See Baughman v. Cooper-Jarrett, Inc.*, 530 F.2d 529, 532 (3d Cir. 1976), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975, 984 (3d Cir. 1981).

According to Dr. Kim, several of the District Court's evidentiary rulings during trial were also erroneous and prejudicial. We review a District Court's evidentiary rulings for an abuse of discretion. *Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 157 (3d Cir. 2010). We fail to find any abuse of discretion by the District Court in its admission or preclusion of evidence. Whether Dr. Kim was able to engage in gambling in the Casino the very same evening that he consumed the allegedly tainted food was clearly relevant to his claim for damages. The exclusion of the records of the health department was not improper as the records concerned events that predated Dr. Kim's illness and focused on facilities other than the in-room dining kitchen. Nor do we find error in the exclusion of the ServSafe Certificates of the three cooks who might have been involved in preparing Dr. Kim's breakfast. The Certificates, which were issued after the events at issue here, failed to explain the meaning of the scores set forth therein, and notably Dr. Kim failed to proffer any evidence in that regard. Finally, Dr. Kim faults the District Court for precluding his medical expert from testifying

4

about the cause of Dr. Kim's food poisoning. This was not error as the Court explained that the expert's opinion in that regard was based on evidence obtained from Dr. Kim's counsel, instead of from Dr. Kim. The Court further noted that the expert had neither examined Dr. Kim nor taken a thorough case history, thereby precluding the expert from obtaining information necessary to form an opinion on causation.

Accordingly, we will affirm the judgment of the District Court.