NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2789
_____

AMRO A. ELANSARI,
                                        Appellant

v.

TINDER, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:19-cv-03003)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 29, 2019

Before: AMBRO, GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed: November 14, 2019)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Amro Elansari appeals pro se from the District Court's dismissal of his civil action. For the reasons that follow, we will affirm that judgment.[1]

I.

In July 2019, Elansari filed a pro se complaint in the District Court against Tinder, Inc. He indicated that the events underlying the complaint arose over the course of nine months (January through July of 2018, and April and May of 2019). He alleged, without more, that Tinder's dating application "sends you notifications saying 7 people like you[,] subscribe $15 [per month] to see who [they are.] [Screen shots show that] [t]hey're all fake 3000 miles away[.]" (Compl. 3.) Elansari wrote "class action" at the bottom of one of the complaint's pages, (id.), and he sought compensatory and punitive damages.

The District Court screened the complaint and dismissed it without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The District Court concluded that Elansari could not litigate this case as a class action because he was a non-attorney proceeding pro se. The District Court also concluded that, to the extent that he was pursuing a fraud claim in his own right under Pennsylvania law, the complaint was subject to dismissal for lack of diversity jurisdiction because the amount in controversy did not exceed $75,000. See 28 U.S.C. § 1332(a). The District Court noted that its dismissal order did not prevent

---

[1] Elansari's appellate brief includes profanity, as well as offensive and derogatory comments directed at the presiding District Judge and other members of the federal judiciary. Although this inappropriate content has not affected our disposition of this appeal, we caution Elansari that he could face sanctions in this Court if he includes similar content in future filings.

Elansari from "filing his claims against Tinder in state court or filing a new class action through counsel." (Dist. Ct. Order entered July 18, 2019.)

Elansari now appeals from the District Court's judgment.[2]

II.

Elansari challenges the District Court's amount-in-controversy determination.[3] "[T]hat amount is determined from the good faith allegations appearing on the face of the complaint." Spectacor Mgmt. Grp. v. Brown, 131 F.3d 120, 122 (3d Cir. 1997). Because Elansari's alleged compensatory damages amounted to only $135 ($15 per month for the nine months that he allegedly paid Tinder's subscription fee),[4] the critical question is whether it is a legal certainty that his punitive-damages claim was valued at or below $74,865 ($75,000 minus $135). See Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 395 (3d Cir. 2016) ("It must appear to a legal certainty that the claim is really

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

[3] In addition to arguing that the District Court had diversity jurisdiction in this case, Elansari appears to argue that the District Court had federal-question jurisdiction pursuant to 28 U.S.C. § 1331 because this case "involv[es] the 14th Amendment of the U.S. Constitution as it applies to business organizations." (Elansari's Br. 3.) But the Fourteenth Amendment does not provide a cause of action against Tinder, see Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982) (explaining that the Fourteenth Amendment "applies to acts of the states, not to acts of private persons or entities"), and we see no other basis for federal-question jurisdiction in this case.

[4] Elansari's appellate brief alleges, without explanation, that he was defrauded out of $150, not $135. Even if we were to use that slightly larger amount, the outcome of this appeal would be the same.

for less than the jurisdictional amount to justify dismissal." (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938))).[5] "[C]laims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." Huber v. Taylor, 532 F.3d 237, 244 (3d Cir. 2008) (emphasis and internal quotation marks omitted). However, for the reasons that follow, we conclude that Elansari's case presents an exception to this general rule.

The Supreme Court has explained that "few [punitive-damages] awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003). Here, for the amount in controversy to exceed $75,000, the ratio would need to be more than *500* to 1. See BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 583 (1996) ("When the ratio is a breathtaking 500 to 1, . . . the award must surely raise a suspicious judicial eyebrow." (internal quotation marks omitted)). To be sure, the Supreme Court has noted that "low awards of compensatory damages may properly support a higher ratio than higher compensatory awards, if, for example, a particularly egregious act has resulted in only a small amount of economic damages." Id. at 582. A higher ratio also may be warranted when "the injury is hard to detect or the monetary value of

---

[5] "When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993).

4

noneconomic harm might have been difficult to determine." Id. But those circumstances justifying a higher ratio are not present here, and we see nothing in Elansari's complaint that could support a claim for punitive damages in an amount that is more than 500 times greater than his alleged compensatory damages. Accordingly, we agree with the District Court that, "[e]ven if Elansari were entitled to an award of punitive damages, it is clear to a legal certainty that the amount in controversy does not exceed the jurisdictional threshold." (Dist. Ct. Op. entered July 18, 2019, at 4.)

In light of the above, we will affirm the District Court's dismissal of Elansari's complaint.[6]

---

[6] To the extent that Elansari alleges that the District Court was biased against him, that allegation is baseless.