**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1459
_____

SERGEI KOVALEV,
Appellant

v.

WALMART INC; WALMART STORES EAST INC;
WALMART STORES EAST LP;
BROSNAN RISK CONSULTANTS, LTD

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-01217)
District Judge: Honorable Nitza I. Quinones Alejandro

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 13, 2025

Before: KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed June 24, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In February 2022, Sergei Kovalev, a serial pro se litigant, filed a complaint in the Court of Common Pleas of Philadelphia County against three Walmart entities (collectively "Walmart") and Walmart's security provider, Brosnan Risk Consultants, Ltd. ("Brosnan"). He alleged that on February 10, 2020, while he was waiting in the checkout line at a Walmart store, another customer hit him with her shopping cart, causing him to sustain physical and emotional injuries. He claimed that Walmart and Brosnan were liable for his injuries because they failed to provide sufficient safety and security measures at the store and refused to intervene in the alleged attack. He asserted multiple causes of action, including assault and battery, negligence, gross negligence, negligent infliction of emotional distress, reckless endangerment, negligence per se, civil conspiracy, and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). He sought compensatory damages as well as $1,000,000 in punitive damages.

Walmart removed the case to the District Court based on diversity jurisdiction. Kovalev challenged the District Court's jurisdiction and moved to remand the case to state court, but the District Court denied relief. Walmart and Brosnan then filed separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motions in part and denied them in part, dismissing all of Kovalev's claims except his negligence claim under Restatement (Second) of Torts § 344.

The case proceeded to discovery. In November 2022, the District Court set a discovery deadline of May 28, 2023, as requested by Kovalev. After motions practice,

2

the District Court entered an order directing the defendants to produce responsive documents on or before March 3, 2023. The defendants complied with this order and produced responsive documents. Kovalev did not raise any objections in the subsequent three months. When Kovalev failed to appear for his noticed deposition, the District Court granted the defendants' motion to compel the deposition. Kovalev again failed to appear.

After the discovery deadline had passed, Kovalev filed a set of motions to compel the defendants to produce additional documents responsive to his requests. The District Court denied the motions as untimely.[1] The defendants then moved for summary judgment. In response to their motions, Kovalev filed motions pursuant to Federal Rule of Civil Procedure 56(d) seeking to extend the discovery deadline so that he could gather evidence to oppose the summary judgment motions. The District Court denied relief, again explaining that the discovery deadline had passed, and Kovalev had not provided a reasonable explanation for his untimely request.

The District Court then granted the defendants' motions for summary judgment. The court rejected Kovalev's objection to the defendants' motion as untimely, as well as his argument that the allegations in his complaint were sufficient to withstand summary judgment. The court concluded that Kovalev had not produced evidence to establish any of the essential elements of his negligence claims under § 344.

---

[1] Kovalev appealed. We dismissed those appeals for lack of jurisdiction because the orders were not yet appealable. See C.A. Nos. 23-2144 and 23-2203.

Meanwhile, Kovalev had filed a second motion to remand. He argued that the District Court no longer had jurisdiction over the case because he had offered to settle the suit for $74,999. The District Court rejected this argument and denied relief. Kovalev appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We have reviewed the record and see no error in the District Court's orders denying Kovalev's motions to remand, managing discovery, and granting summary judgment in favor of the defendants.

Kovalev first contends that the District Court lacked diversity jurisdiction over the case and was required to remand it to the state court.[2] A defendant in state court may remove an action to federal court if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions between citizens of different states if the amount in controversy exceeds $75,000. Id. § 1332(a)(1). When diversity jurisdiction exists, the defendant may remove the suit to the district court, provided that no defendant is a citizen of the forum state. 42 U.S.C. § 1441(b)(2).

---

[2] We exercise plenary review over issues of jurisdiction. Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003). Under that standard, we review determinations of law de novo and a court's factual findings regarding domicile or citizenship for clear error. McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006).

4

The District Court properly asserted diversity jurisdiction here. First, the District Court correctly determined that there was complete diversity among the parties because Kovalev is a citizen of Pennsylvania and defendants are citizens of different states.[3] Second, the District Court correctly concluded that the amount-in-controversy requirement was satisfied, as Kovalev sought $1,000,000 in punitive damages. See Huber v. Taylor, 532 F.3d 237, 244 (3d Cir. 2008) (claims for punitive damages may go toward satisfying the amount-in-controversy requirement as long as they are not patently frivolous). Moreover, Kovalev's subsequent settlement demand of $74,999 did not affect the District Court's jurisdiction, as the amount in controversy is based on the demand in the complaint at the time the removal petition is filed.[4] See Werwinski v. Ford Motor Co., 286 F.2d 661, 666 (3d Cir. 2002). Accordingly, the District Court correctly denied Kovalev's motions to remand.

Kovalev next contends that the District Court abused its discretion by denying his motions to (1) compel the defendants to provide more complete responses to his document requests; and (2) extend the discovery deadline to allow him to conduct

---

[3] We refer the parties to the District Court's findings as to each defendant's states of citizenship in ECF Nos. 23 and 27. We see no clear error in these findings.

[4] To the extent that Kovalev argues that the District Court was not permitted to assert diversity jurisdiction over the case because "Congress never affirmatively ousted the state courts of jurisdiction over [his] claims," Br. 24, ECF No. 27-1 (citing Tafflin v. Levitt, 493 U.S. 455, 459 (1990)), he misunderstands the applicable jurisdictional doctrines. While he is correct that the state court could have retained jurisdiction over his case, that does not mean that the federal court could not adjudicate it under § 1332(a)(1).

additional discovery in order to oppose the defendants' summary judgment motions. We perceive no abuse of discretion.[5] First, the District Court reasonably denied the motions to compel because Kovalev did not file them until after discovery had already closed. Second, to the extent that Kovalev argues that the District Court abused its discretion in denying his motion to extend the discovery deadline, he has not met his burden of demonstrating how the additional discovery would have allowed his claims to survive summary judgment. See Crosbie v. Highmark Inc., 47 F.4th 140, 146 (3d Cir. 2022).

Lastly, Kovalev challenges the District Court's orders granting the defendants' motions for summary judgment. Summary judgment is appropriate "against a party who failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). As the District Court explained, in order to withstand summary judgment on his negligence claim under § 344, Kovalev was required to provide evidence demonstrating that the defendants had reason to anticipate the tortious conduct of a customer standing in a checkout line such that it had a duty to take precautions to prevent it. See Restatement (Second) of Torts § 344 cmt. F (Am. Law Inst. 1965). Kovalev did not rebut the defendants' motions with any facts in the record on the issue of notice. Contrary to his contention, he was required to go beyond his allegations in the pleadings, and he failed to do so.

---

[5] This Court reviews the district court's discovery orders for an abuse of discretion. See Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010).

We have considered Kovalev's remaining arguments and conclude that they are meritless.  Accordingly, we will affirm.