**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 24-3052

———————

MICHAEL ANTHONY, Individually and on behalf of others similarly situated,
Appellant

v.

NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE, A District of
Columbia non-profit organization

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-03382)
District Judge: Honorable Kai N. Scott

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 11, 2025

———————

Before: KRAUSE, MATEY, and PHIPPS, *Circuit Judges*

(Filed: September 26, 2025)

———————

OPINION[*]

———————

PHIPPS, *Circuit Judge*.

Michael Anthony, a resident of Pennsylvania, filed a three-count complaint in the

District Court against the National Republican Congressional Committee, a non-profit

organization with a principal place of business in Washington, D.C., on behalf of himself

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and a putative class. His claims were predicated on sixty-two text messages that he received from the NRCC during the 2020 election season. The first two counts in Anthony's complaint were for violations of the Telephone Consumer Protection Act, which carries a minimum recovery of $500 per violation. *See* 47 U.S.C. § 227(b)(3)(B). And Anthony alleged that the NRCC violated the TCPA in two respects: by sending him text messages without his consent and by sending him text messages after he requested not to receive any more. Anthony's third count was for the tort of intrusion upon seclusion under Pennsylvania law, again based on the text messages from the NRCC.

The NRCC moved to dismiss all three counts under Federal Rule of Civil Procedure 12(b)(6). In seeking dismissal of the TCPA counts, over which the District Court exercised federal-question jurisdiction, *see* 28 U.S.C. § 1331, the NRCC argued that the complaint did not contain plausible allegations of a critical element for the TCPA claims – use of an automatic telephone dialing system. In moving to dismiss the intrusion-upon-seclusion count, the NRCC contended, first, that its sending of the text messages did not rise to the level of highly offensive harassment or hounding needed for the claim, *see Susinno v. Work Out World Inc.*, 862 F.3d 346, 351–52 (3d Cir. 2017) (citing Restatement (Second) of Torts § 652B cmt. d (Am. L. Inst. 1977)), and second, that without liability for a TCPA claim, the NRCC could not be liable for intrusion upon seclusion.

In response to the NRCC's motion, the District Court dismissed the case. It dismissed the TCPA claims with prejudice for the reason the NRCC presented – a failure to allege use of an automatic telephone dialing system. *Anthony v. Nat'l Republican Cong. Comm.*, 2024 WL 4351641, at *6–8 (E.D. Pa. Sep. 30, 2024). The District Court took a different approach with respect to the intrusion-upon-seclusion claim; it dismissed that claim for a lack of subject-matter jurisdiction, reasoning that without the TCPA claims,

2

Anthony did not plausibly allege a sufficient amount in controversy to support either individual diversity jurisdiction, *see* 28 U.S.C. § 1332(a) (requiring an amount in controversy greater than $75,000), or diversity jurisdiction under the Class Action Fairness Act, commonly referred to as 'CAFA,' *see id*. § 1332(d)(2) (requiring an amount in controversy greater than $5 million). *Anthony*, 2024 WL 4351641, at *7–8.

Through a timely notice of appeal, Anthony invoked this Court's appellate jurisdiction to challenge that final decision dismissing all three of his claims. *See* 28 U.S.C. § 1291. On *de novo* review, we will affirm in part and vacate in part the District Court's judgment and remand the case to the District Court.

### A. The Dismissal of the TCPA Claims

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain plausible allegations for each element of a claim or, alternatively, allegations that allow a reasonable inference of the plausibility of each element. *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327–28 (3d Cir. 2022). A necessary element of a TCPA claim for misuse of an automatic telephone dialing system is the actual use of – not simply the capability to use – a random or sequential number generator. *See* 47 U.S.C. § 227(b)(1)(A) (making it unlawful "to make any call . . . *using* any automatic telephone dialing system" to identified classes of telephone lines and telephone numbers (emphasis added)); *id.* § 227(a)(1) (defining "automatic telephone dialing system" as "equipment which has the capacity" to "(A) store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers"). Under this Court's *Panzarella* decision, to constitute such use, an automatic telephone dialing system must "generate lists of random or sequential telephone numbers," and it does not suffice that the automatic telephone dialing system instead "selected a dialing campaign's potential targets from specific,

3

curated borrower lists." *Panzarella v. Navient Sols., Inc.*, 37 F.4th 867, 882 (3d Cir. 2022) (internal quotation marks and citation omitted).

Anthony's complaint does not make the necessary allegation that the NRCC used an automatic telephone dialing system. It does state that the NRCC had equipment that was capable of random or sequential number generation:

> [The NRCC] placed the text message calls using equipment that, on information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

Compl. ¶ 41 (JA39).[1] But under *Panzarella* that is not enough. And leave to amend would be futile because, as explained by Anthony's counsel at oral argument in the District Court, Anthony cannot allege that the NRCC relied on equipment to generate his phone number or the other numbers dialed. Oral Arg. on Mot. to Dismiss Tr. 33:9–14 (JA159) (explaining that if "the telephone number has to be randomly produced by the dialing system and not uploaded from a list, then I wouldn't be able to amend"). Thus, the District Court did not err in dismissing the TCPA claims with prejudice.

---

[1] This allegation is premised on information-and-belief, which is an inferior form of pleading, but that is not consequential here. Unless otherwise indicated, allegations are based on "*knowledge*, information, and belief." Fed. R. Civ. P. 11(b) (emphasis added). And because information-and-belief allegations expressly refrain from the most important of those pleading foundations – knowledge – they are not entitled to the usual presumption of truthfulness that applies at the pleading stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (explaining that "conclusions[] are not entitled to the assumption of truth"); *Santiago v. Warminster Township*, 629 F.3d 121, 132 (3d Cir. 2010). Information-and-belief statements may nonetheless be credited at the pleading stage if the other allegations in the complaint allow for the reasonable inference of their truthfulness, which often includes a description of the basis for the information and belief. *See Santiago*, 629 F.3d at 132 ("It may still be that . . . claims are plausible in light of the non-conclusory factual allegations in the complaint."). Because Anthony's complaint elsewhere alleges that "the hardware and software used by [the NRCC] and/or its agents has the capacity to store, produce, and dial random or sequential numbers *en masse*, in an automated fashion," Compl. ¶ 8 (JA31–32), it is reasonable to infer the truthfulness of this information-and-belief allegation.

Anthony contests this conclusion based on *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021). That case concerned the definition of the term 'automatic telephone dialing system,' which is a necessary component of the use-of-an-automatic-telephone-dialing-system element. *Id.* at 400. The Supreme Court defined such a system as follows:

> To qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator.

*Id.* at 399. From that passage, Anthony argues, as has at least one other federal judge,[2] that random or sequential number generation is not a necessary element of a TCPA claim. The problem for Anthony is that after the *Facebook* decision, this Court in *Panzarella* interpreted the use-of-an-automatic-telephone-dialing-system element as requiring the random or sequential generation of a list of phone numbers. *Panzarella*, 37 F.4th at 876, 882. Thus, by force of precedent, Anthony's counterargument is unsuccessful. *See* 3d Cir. I.O.P. 9.1 (requiring en banc hearing to overrule a precedential opinion).

## B.     The Intrusion-upon-Seclusion Claim

The District Court dismissed Anthony's remaining state-law claim for intrusion upon seclusion for a lack of subject-matter jurisdiction. *See Anthony*, 2024 WL 4351641, at \*7–8. Anthony stated only one jurisdictional basis for that claim: CAFA diversity, *see* 28 U.S.C. § 1332(d). Among other things, CAFA diversity jurisdiction requires an amount in controversy of over $5 million. *See id.* § 1332(d)(2). The District Court determined that once the TCPA claims were dismissed from the case, Anthony's remaining allegations as to the damages associated with his intrusion-upon-seclusion claim were inadequate to clear the $5 million amount-in-controversy threshold. *See Anthony*, 2024 WL 4351641, at \*7.

---

[2] *See Brickman v. United States*, 56 F.4th 688, 691–93 (9th Cir. 2022) (VanDyke, J., concurring).

But the amount in controversy is evaluated as of the date the complaint is filed – not after some claims have been dismissed with prejudice in response to a Rule 12(b)(6) motion. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395–96 (3d Cir. 2016) ("Subsequent events cannot reduce the amount in controversy so as to deprive the district court of jurisdiction . . . ." (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938))); *cf. Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) ("Dismissal is warranted . . . only when a subsequent revelation clearly establishes that the plaintiff's claims never could have amounted to the sum necessary to support diversity jurisdiction."). Thus, with the District Court having federal-question jurisdiction over the TCPA claims, *see* 28 U.S.C. § 1331, the proper inquiry for purposes of CAFA jurisdiction was whether the amount in controversy from Anthony's TCPA claims *together with* his intrusion-upon-seclusion claims exceeded $5 million. They did. Anthony plausibly alleged that the NRCC sent text messages to thousands of persons, and at a minimum of $500 per TCPA violation (and $1,500 per willful violation), *see* 47 U.S.C. § 227(b)(3)(B)–(C), it is not a "legal certainty" that the amount in controversy, inclusive of both the TCPA claims and the intrusion-upon-seclusion claim, could not exceed $5 million, *St. Paul Mercury Indem.*, 303 U.S. at 289. Accordingly, the District Court's rationale for dismissing the intrusion-upon-seclusion claim was incorrect, and that part of the judgment will be vacated.

\* \* \*

For the foregoing reasons, we will affirm in part and vacate in part the order granting the NRCC's motion to dismiss, and we will remand the case to the District Court to

consider the NRCC's Rule 12(b)(6) motion with respect to Anthony's intrusion-upon-seclusion claim, as long as there is no jurisdictional defect with that claim.[3]

---

[3] Anthony's allegations of diversity appear to be deficient because they state that he is a resident – but not a citizen – of Pennsylvania, and it is diversity of *citizenship* not diversity of *residency* that is required under the diversity statute. *See* 28 U.S.C. §§ 1332(a)(1), 1332(d)(2)(A) (both requiring diversity of 'citizenship'); *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 503 (3d Cir. 2013) (reiterating requirements for CAFA jurisdiction); *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("[M]ere residency in a state is insufficient for purposes of diversity."). Such a deficiency may be cured "upon terms," and on remand, the District Court may assess the terms for potentially curing that deficiency. 28 U.S.C. § 1653; *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 36 (3d Cir. 2018).