**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4734
_____

SOLANGE CHADDA; NICKY BOY; POUCH; RAMBLER; KELLY HALL; TUFF

v.

JEFF MULLINS; JEFF MULLINS STABLES; JEFF MULLINS RACING; DAVID
JOLLY; STEPAHEAD FARM; CALDER RACE COURSE, INC; MIKE ANIFANTIS;
JESSE MALDONADO; GALO VERDE RANCH; WOODY HILDEBRANDT; JONI
HILDEBRANDT; H.E.C.K. RANCH

Solange Chadda; Kelly Hall,
                                            Appellants
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-04029)
District Judge:  Honorable Robert F. Kelly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2011
Before:  FUENTES, GREENAWAY JR., and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 9, 2011)

_____

OPINION
_____

PER CURIAM

On August 11, 2010, plaintiffs-appellants initiated this case in the United States

District Court for the Eastern District of Pennsylvania, unleashing a torrent of amended complaints, responses, motions to dismiss, and motions to strike, some of which were served to counterparties but never officially filed. Greatly condensed, the plaintiffs-appellants—who include Nicky Boy, a "Thoroughbred Female Horse," a dog named "Pooch" or "Pouch," and human parties Solange Chadda and Kelly Hall—accused the defendants-appellees of engaging in a conspiracy to injure them and their animals, commit fraud upon them, extort them, threaten them, and defraud them of revenue, all ostensibly in connection with a series of events and misadventures connected to competitive horseracing. The center of this conspiracy was alleged to be Jeff Mullins, a well-known figure in the horseracing world. The storm of filings having settled, the District Court dismissed the action for lack of subject-matter jurisdiction. Plaintiffs-appellants attempted to amend their complaint, which was again dismissed (*sua sponte*) for lack of subject-matter jurisdiction. Then, following a brief fugue in which plaintiffs-appellants attempted to remove the presiding District Judge on the basis of his "bias and prejudice," they filed a notice of appeal.[1] We will now affirm.

---

[1] Respondents David G. Jolly and Stepahead Farm assert that we lack jurisdiction over this appeal, as the plaintiffs-appellants "have never filed an Appeal from the Order of November 9, 2010" that originally dismissed the suit for lack of subject-matter jurisdiction. While correctly observing that plaintiffs-appellants' notice of appeal is not timely when measured from the November 9, 2010, order, see Fed. R. App. P. 4(a)(1)(A), the order from which the appeals period should be measured is the one entered November 22, 2010. Dismissal on the basis of subject-matter jurisdiction is generally without prejudice. See Ray v. Eyster (In re Orthopedic "Bone Screw" Prods. Liab. Litig.), 132 F.3d 152, 155 (3d Cir. 1997). "To be appealable under 28 U.S.C. § 1291, an order of dismissal must ordinarily be with prejudice. . . . [However,] a plaintiff can appeal from a

As tribunals of limited jurisdiction, federal courts must determine whether the case before them properly invokes either federal-question jurisdiction or diversity jurisdiction. Federal-question jurisdiction requires that a complaint "aris[e] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, while diversity jurisdiction requires parties to be, *inter alia*, "citizens of different States," and to fulfill an amount-in-controversy requirement. 28 U.S.C. § 1332(a). Here, despite plaintiffs-appellants' assertions regarding violations of "federal law," we discern no claims that may be fairly construed as arising under or involving federal law; as the District Court observed, the one federal statute to which plaintiffs-appellants cite is a criminal statute that does not grant a private right of action.[2] Therefore, the plaintiffs-appellants may proceed only by demonstrating facts by which diversity jurisdiction can be sustained.

---

dismissal without prejudice when he declares his intention to stand on his complaint or when he cannot cure the defect in his complaint." Booth v. Churner, 206 F.3d 289, 293 n.3 (3d Cir. 2000); see also Borelli v. City of Reading, 532 F.2d 950, 951–52 (3d Cir. 1976) (per curiam). Plaintiffs-appellants attempted to amend before "standing" on their complaint after the November 22, 2010, order. Accordingly, the appeal was timely, and we have jurisdiction under 28 U.S.C. § 1291 to exercise *de novo* review over the dismissal for lack of subject-matter jurisdiction. See Huber v. Taylor, 532 F.3d 237, 243 (3d Cir. 2008).

[2] On appeal, the plaintiffs-appellants assert violations of, *inter alia*, the Hobbs Act and Racketeer Influenced and Corrupt Organizations Act (RICO) by the defendants-appellees. "Absent compelling circumstances[,] [we] will not consider issues that are raised for the first time on appeal." Shell Petroleum, Inc. v. United States, 182 F.3d 212, 219 (3d Cir. 1999) (quoting Patterson v. Cuyler, 729 F.2d 925, 929 (3d Cir. 1984)). No such circumstances are apparent. Procedural hurdles notwithstanding, plaintiffs-appellants still have not stated a plausible federal claim. See Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1950 (2009); Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010).

Instead, they have demonstrated to the contrary. Federal subject-matter jurisdiction may only be premised on diversity of citizenship when that diversity is complete: no plaintiff can be a citizen of the same state as any defendant. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). Citizenship for the purposes of jurisdiction is determined at the start of suit. Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957); Grand Union Supermarkets of the V.I. v. H.E. Lockhart Mgmt., 316 F.3d 408, 410 (3d Cir. 2003). "A natural person is deemed to be a citizen of the state where she is domiciled," Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008), and we define "domicile" as residency with intent to remain. See Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972). Here, it is undisputed that plaintiff-appellant Hall is a citizen of Arkansas who "visit[s] Philadelphia . . . on occasion" to stay with plaintiff-appellant Chadda. See Hall Aff., ECF No. 038. Defendant David Jolly also is a citizen of Arkansas. Therefore, as a plaintiff and a defendant shared the same state of citizenship, diversity jurisdiction could not lie.

While the plaintiffs-appellants have filed a *pro se* appellate brief, they declined to address the relevant jurisdictional issue, presenting instead a confusing, jumbled array of conclusory arguments and accusations. Accordingly, the District Court correctly dismissed the action for lack of subject-matter jurisdiction.

Following this dismissal, the plaintiffs-appellants accused Judge Kelly of "bias and prejudice," because of his "gain from the racing entity [*sic*]." They declined to substantiate these allegations, let alone show how Judge Kelly's "impartiality might

4

reasonably be questioned." 28 U.S.C. § 455(a). We perceive no error in Judge Kelly's failure to recuse. See Securacomm Consulting v. Securacom, 224 F.3d 273, 278 (3d Cir. 2000).

For the foregoing reasons, we will affirm the judgment of the District Court.